UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 17-0060(3) (SRN/HB) |
| Plaintiff, | |
| v. | ORDER |
| Charles Bickham, | |
| Defendant. | |

Andrew S. Dunne & Nathan Hoye Nelson, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Robert D. Richman, PO Box 16643, St. Louis Park, Minnesota 55416, for Defendant Charles Bickham

SUSAN RICHARD NELSON, United States District Judge

  Defendant Charles Bickham was charged in a multi-count indictment on several gun-related charges. (*See generally* Superseding Indictment [Doc. No. 41].) In August 2017, he entered into a plea agreement with the Government, pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), in exchange for the Government's agreement to move for the dismissal of the other charges. (*See* Plea Agmt. ¶ 1 [Doc. No. 160]; Minutes for Aug. 3, 2017 Change of Plea Hr'g [Doc. No. 159].)

  Prior to his December 7, 2017 sentencing hearing, Bickham filed objections to the presentence investigation report ("PSR"). The PSR calculated a U.S. Sentencing Guidelines range of 188–235 months, with a maximum penalty of 120 months, based on

an offense level of 31 and a criminal history category of VI.  (*See* PSR ¶ 134 [Doc. No. 197].)  Among his objections, Bickham contends that the PSR incorrectly calculated his offense level under U.S.S.G. § 2K2.1(a)(2).  (Def.'s Obj. at 1–2 [Doc. No. 212].)  This provision of the Guidelines calls for a base offense level of 24 for defendants with two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 2K2.1(a)(2).  The PSR identified a 2007 Minnesota state court felony conviction for aiding and abetting simple robbery and a 2009 federal cocaine-related felony conviction as the qualifying prior convictions.  (PSR ¶ 42.)  While Bickham does not contest the inclusion of the drug conviction as a controlled substance offense under § 2K2.1(a)(2), he asserts that the 2007 conviction for simple robbery does not count as a "crime of violence."  (Def.'s Obj. at 3–6.)  Accordingly, he argues that his base offense level should be 20, instead of 24.  (*Id.*)

At the sentencing hearing, the Court ruled on Bickham's objections from the bench.  This Order memorializes the Court's ruling with respect to his argument concerning the application of § 2K2.1(a)(2).

I.   **DISCUSSION**

Section 4B1.2 of the Guidelines defines a "crime of violence" as any offense, punishable by at least one year of imprisonment, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, *robbery*, arson, [or] extortion . . . .

2

U.S.S.G. § 4B1.2 (emphasis added).[1]

Bickham asserts that the crime of simple robbery under Minnesota law is not a crime of violence because, pursuant to § 4B1.2(2), ("the enumerated offense clause"), it is categorically broader than generic robbery, (*see* Def.'s Obj. at 3–9), and under § 4B1.2(1) ("the force clause"), it does not require violent physical force. (*See* Def.'s Obj. at 1–2.)

Courts utilize a categorical approach when considering whether a prior conviction qualifies as an enumerated offense under the Guidelines. *See United States v. Malagon-Soto*, 764 F.3d 925, 927 (8th Cir. 2014) (quoting *United States v. Medina-Valencia*, 538 F.3d 831, 833 (8th Cir. 2008)). Under this approach, courts compare the elements of the crime of conviction, with the elements of the "generic" crime. *United States v. Harper*, 869 F.3d 624, 625 (8th Cir. 2017) (citing *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 2281 (2013) (applying this analysis to similar challenge under the ACCA)). If the statute's elements are the same as, or narrower than, those of the generic offense, the prior conviction qualifies as a predicate offense under the Guidelines. *See Descamps*, 133 S. Ct. at 2281.

Minnesota law prohibits the act of simple robbery as follows:

---

[1] Commentary to the Guidelines states that a "crime of violence" includes the offense of aiding and abetting. U.S.S.G. § 4B1.2, comment. (n.1).

The specifically enumerated offense of robbery was moved from the commentary of the Guidelines into the body of the text in 2016. *See* U.S.S.G. § 4B1.2, comment. (n.1) (2015). This change was "just a reorganization—and not a substantive change—of § 4B1.2." *United States v. Early*, No. 15-cr-1066 (PJS/FLN), 2017 WL 4621281, at *2 (D. Minn. Oct. 13, 2017).

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both.

Minn. Stat. § 609.24.

While the Eighth Circuit has not ruled on whether simple robbery under Minnesota law is a crime of violence following the movement of that enumerated offense from the Guidelines commentary to the text proper of § 4B1.2 , this question is one of several issues currently on appeal in *United States v. Powell*, Criminal Appeal No. 17-1349. However, the Eighth Circuit has described "generic robbery" as "aggravated larceny, or the misappropriation of property under circumstances involving immediate danger to a person." *See United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 1124 (2017) (citing *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008); 3 W. LaFave, *Substantive Criminal Law* § 20.3(e) (2d ed. 2003)). As the Government notes, the Model Penal Code also states that "robbery is distinguished from ordinary larceny by the presence of the victim and the use or threat of violence; it is distinguished from extortion by the immediacy and seriousness of the threat." Model Penal Code § 222.1, note on robbery (Am. Law Inst., 2017).

Bickham argues that Minnesota's simple robbery statute is broader than the generic definition because it does not require that a person be put in physical danger, nor be subject to an immediate threat. The Court disagrees and finds that Minnesota's simple

robbery statute is not broader than the generic definition. The statute requires the misappropriation of property, in the victim's presence, under circumstances involving immediate danger to a person, through the use or threatened imminent use of force to overcome resistance and or compel acquiescence in the theft.  *See* Minn. Stat. § 609.24. The Court further notes that this determination is consistent with prior authority from this Court, finding that simple robbery qualifies as a crime of violence under the Guidelines' enumerated clause.  *See United States v. Townsend*, 224 F. Supp. 3d 816, 820 (D. Minn. 2016) (stating, "although Minnesota simple robbery is not a predicate offense for determining if the ACCA's [Armed Career Criminal Act's] minimum mandatory applied, it is a crime of violence for the purposes of calculating the proper Guidelines range."); *United States v. Pettis*, No. 15-cr-233 (PJS/FLN), 2016 WL 5107035, at *4 (D. Minn. Sept. 19, 2016) (same).

    Because the Court finds that the Guidelines' enumerated offense clause, § 4B1.2(2), resolves this issue, the Court need not determine whether the force clause of § 4B1.2(1) also applies.  *See Pettis*, 2016 WL 5107035, at *4 (stating that because robbery is an enumerated crime of violence under the Guidelines, "it is irrelevant whether robbery also qualifies as a crime of violence under the Guidelines' force clause.") (citations omitted).

    In conclusion, the Court finds that §§ 2K2.1(a)(2) and 4B1.2(2) were properly applied here.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Charles Bickham's Objection to the PSR based on the application of U.S.S.G. §§ 2K2.1 and 4B1.2 is **OVERRULED.**

Dated: December 8, 2017

<u>s/Susan Richard Nelson</u>
SUSAN RICHARD NELSON
United States District Judge
